UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARIA MADRID, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF IDAHO, PUBLIC EMPLOYEE RETIREMENT SYSTEM OF IDAHO (PERSI),<br><br>    Defendant. | Case No. 1:22-cv-00422-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is the State of Idaho, Public Employee Retirement System of Idaho's ("PERSI") Motion to Dismiss Complaint. Dkt. 4. Having reviewed the brief submitted, the Court finds that the legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1 (d)(1)(B). For the reasons set forth below, the Court GRANTS PERSI's Motion to Dismiss. Given this, Madrid's other motions (Dkts. 7, 9) are DISMISSED as MOOT.

## II. BACKGROUND

Maria Madrid alleges that she was denied a reasonable accommodation for an emotional disability by PERSI. Dkt. 1, at 5. Madrid further alleges she was forced to resign, in January 2022, due to the denial. *Id.* Beyond this timeline provided by Madrid, the Court

has only PERSI's attachments to fill in what occurred next. *See generally* Dkts. 4-1, 4-2.

On January 22, 2022, the U.S. Equal Employment Opportunity Commission ("EEOC") notified PERSI that a charge of employment discrimination had been filed by Madrid. Dkt 4-2, at 5. Then, on April 5, 2022, the EEOC notified PERSI that an amended charge of discrimination had been filed. *Id.* at 8. Finally, on April 8, 2022, the EEOC issued a Determination and Notice of Rights letter where they declined to proceed further, made no finding as to the merits of the claim, and issued a Right to Sue. *Id.* at 11.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(1)–(2) requires pleadings stating a claim for relief to include short and plain statements establishing the grounds for the court's jurisdiction and showing that the pleader is entitled to relief. The Rule also requires a demand for the relief sought. Fed. R. Civ. P. 8(a)(3).

When a pleading does not meet Rule 8(a)'s requirements, Federal Rule of Civil Procedure 12(b) empowers a court to dismiss the claim for several reasons, including, among others: lack of subject-matter jurisdiction, insufficient process, insufficient service of process, and failure to state a claim upon which relief can be granted.

In deciding whether to grant a motion to dismiss, the court must accept as true all well-pleaded factual allegations made in the pleading under attack. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Dismissal without leave to amend is inappropriate unless it is beyond doubt that an amendment could not save

the complaint. *See Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009).

## IV. DISCUSSION

PERSI offers five separate reasons for dismissal: (1) the complaint is time-barred; (2) the complaint insufficiently alleges facts to establish jurisdiction; (3) the complaint fails to plead elements sufficient to entitle relief; (4) the complainant failed to provide summons that had all the required elements; and (5) the complainant failed to serve process in the required manner. *See generally* Dkt. 4.

### A. Time-Barred

When a complaint, on its face, cannot establish the timeliness of the claim, that complaint must be dismissed under Fed. R. Civ. Pro. 12(b)(6) for failure to state a claim upon which relief can be granted. *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010).

If the EEOC notifies an aggrieved party that their charge of discrimination is dismissed, then the aggrieved party has ninety days to file suit. 42 U.S.C. § 2000e 5(f)(1). The Ninth Circuit has adopted a rebuttable three-day presumption that mailed service adds three days to a prescribed period that would otherwise expire. *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1125–26 (9th Cir. 2007).

Here, Madrid failed to file her suit against PERSI after the EEOC's issuance within ninety-three days. Her complaint makes no statements regarding an EEOC filing or any subsequent actions to an EEOC filing. Rather, her complaint only contains allegations directed at PERSI. The EEOC issued its Determination and Notice of Rights letter on April 8, 2022 (Dkt. 4-2), and Madrid filed her complaint against PERSI on October 7, 2022

(Dkt. 1). Ninety-three days after April 9, 2022, would be July 10, 2022. October 7, 2022, is eighty-nine days late.

### B. Insufficient Facts to Establish Jurisdiction

A complaint, on its face, must allege facts that establish the Court's jurisdiction. Fed. R. Civ. P. 12(b)(1). To establish a court's jurisdiction over a discrimination claim, a plaintiff is first "required to exhaust her EEOC administrative remedies." *EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994). "The party asserting jurisdiction bears the burden of proof jurisdiction exists." *J.M. by and through M.M. v. Los Angeles Unified Sch. Dist.*, 2019 WL 2871144, *1 (C.D. Cal. Mar. 13, 2019).

Here, Madrid fails to establish jurisdiction. Nowhere does her complaint reference any filings with the EEOC. The only reason the Court knows of any EEOC matters is from PERSI's Motion to Dismiss. Dkt. 4-2.

### C. Insufficient Facts to Entitle Relief

Even if a claim is timely and establishes jurisdiction, the complaint, on its face, must allege enough facts that would entitle a plaintiff to relief. Fed. R. Civ. P. 12(b)(6). To establish entitlement for relief under the ADA for disability discrimination, a plaintiff bears the burden of proof and "must show that (1) she is disabled within the meaning of the ADA; (2) she is a qualified individual able to perform the essential functions of the job with reasonable accommodation; and (3) she suffered an adverse employment action because of her disability." *Sampler v. Providence St. Vincent Med. Ctr.*, 675 F.3d 1233, 1237 (9th Cir. 2012) (cleaned up). A qualified individual is one that has the "requisite skill, experience, education, and other job-related requirements" necessary for the position and "can perform

MEMORANDUM DECISION AND ORDER – 4

the essential functions of such position with or without a reasonable accommodation." *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 990 (9th Cir. 2007).

Here, Madrid declares an emotional disability alleging enough facts, that, if taken as true, would satisfy the first requirement. Dkt. 1, at 4. However, her complaint fails to allege what the essential functions of the job are or even how she is qualified to perform those essential functions with or without reasonable accommodation. The complaint contains no details of Madrid's position, title, duties, or responsibilities, and while the Court could infer from her claim's statement, "accessing Private and Confidential Information of members, clients, and patients," that Madrid had access to such information herself, that alone is not enough.

Further, Madrid fails to allege that an adverse action was taken against her because of her disability. The complaint alleges that she was denied accommodation but shows no facts indicating a request for accommodation or whether any other accommodation was offered. Again, the Court could infer that a denied accommodation followed a request, but that alone is not enough.

### D. Insufficient Process

A summons must, among other things, include an address for either the plaintiff or plaintiff's attorney, "be signed by the clerk, and bear the court's seal." Fed. R. Civ. P. 4(a)(1)(C), (F)–(G).

PERSI contends that Madrid's summons is missing two of the above and questions the authenticity of the third. Dkt. 4-1, at 11. Looking at the summons, the Court clearly sees the signature of the clerk, and though faint, an embossed seal of the court. Dkt. 2.

However, the summons is missing the address of the plaintiff as would be required for a pro se plaintiff. However, for justice (Fed. R. Civ. P. 1), plaintiff's address is clearly in the complaint (Dkt. 1, at 1) which was served with the summons (Dkt. 4-1, at 12). Unfortunately for Madrid, this is not enough to save her complaint from other deficiencies.

### E. Insufficient Service of Process

Summons must be served with sufficient service of process. Fed. R. Civ. P. 4(c). To effectuate service against a state-created governmental organization, a plaintiff must deliver a copy of the summons and complaint to either its chief executive officer (governor), or as that state's laws require. Fed. R. Civ. P. 4(j)(2). Idaho allows service on an agency by delivery of two copies of the summons and complaint to the attorney general or any assistant attorney general. Idaho R. Civ. P. 4(d)(4)(A).

Here, Madrid only delivered one copy of the summons and complaint to the office of Idaho Employment Lawyers. Dkt. 3. Thus, service of process was deficient.

### F. Futility of Amendment

While Madrid could have amended her complaint as a matter of course within twenty-one days, she failed to do so; nor has she requested opposing party's written consent or the Court's leave to amend. Fed. R. Civ. P. 15(a). Even if Madrid amends her complaint, the issue of timeliness, regarding both the service and EEOC filing requirements, could not be resolved with such an amendment. For these reasons, the Court finds amendment futile.

### V. CONCLUSION

Taking all of Madrid's complaint as facially true, she fails to make a claim upon which relief can be granted as she has not followed the processes required by the rules and

statutes or filed within the time allowed. Additionally, while courts generally construe pro se pleadings liberally, *see Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000), pro se plaintiffs still have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). And "once a pro se *in forma pauperis* litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (cleaned up). The Court must likewise "secure the just, speedy, and inexpensive determination of every action and proceeding" by adhering to the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 1.

## VI. ORDER

The Court HEREBY ORDERS:

1. PERSI's Motion to Dismiss Complaint (Dkt. 4) is GRANTED.
2. Madrid's Complaint is DISMISSED with PREJUDICE.
3. Madrid's other motions (Dkts. 7, 9) are DISMISSED as MOOT.
4. This Case is CLOSED.

DATED: June 15, 2023

David C. Nye
Chief U.S. District Court Judge